Shaw, C. J.
This is an action of trover for furniture, in which a verdict was found for the plaintiff, and the case comes before us on the defendant’s exceptions. This cause has been very elaborately argued, but, when understood, it appears to us to be governed by a few plain principles. It turns upon the directions of the judge, who tried the cause, in matter of law.
It is to be regretted that the facts appearing on the trial, showing the relations of the parties, and the circumstances *150 under which the goods, admitted to be the property of the plaintiff, came into the possession of the defendant, axe not stated, in order to show the application of the rule of law laid down by the court. Such circumstances will usually indicate what was the nature and character of such change of possession, whether in consequence of a sale or temporary loan, or how.
The plaintiff is proved to be the owner of the property, and that right of property will continue until a change proved as by sale, lien, or voluntary loan. Whoever relies on such change must prove it; the proof lies on him. All that appears in the present case is, that the property came into the possession of the defendant, with the plaintiff’s consent.
How ? On what trust or contract ? This does not appear. Demand of the goods was made, and a refusal to deliver them by the defendant to the plaintiff, on such demand, before action brought, and this is evidence of a conversion, conclusive, if not rebutted. We are then called on to consider the directions given by the judge on the trial.
The first was, that presumption of ownership continues until some alienation is shown. This is correct. A party having this ownership does not lose it, by permitting another to be in possession. The ordinary inode of proving property is, proving that it was purchased and paid for, and it will be deemed in law to be the purchasers’ until something is shown to change the title, and merely parting with the possession affords no conclusive evidence of such change. Possession is primd facie evidence of title, good against everybody but one proving property; that is, against any one but the right owner. Armory v. Delamirie, 1 Stra. 505. This case of the chimney sweeper’s boy, from Strange, well illustrates these principles. A chimney sweeper’s boy, having found a jewel, carried it to a goldsmith, to ascertain its value, but the goldsmith, by his apprentice, detained it, and refused to restore it. The boy having brought trover, it was held that his possession was some evidence of property, good against any one but the true owner, and that he could maintain trover for it, on such primd facie proof of title; and that refusal to restore it to him, cn demand, was evidence of a conversion.
*151 The defendant’s possession was primd facie evidence of title in him, but it was rebutted by proof of prior possession, and actual ownership, on the part of the plaintiff. The burden of proof was on her, and she ‘sustained it by proof of title.

Exceptions overruled and judgment on the verdict for the plaintiff.-