## MARY M. GOWAN vs. HANNA J. BENSEL.

Submitted on briefs April 4, 1893. Decided April 24, 1893.

**A Tenant's Possession after His Landlord's Title Ends.**

When the title to real estate of one whose tenant under a lease is in possession passes under execution sale, such former owner is no longer in possession so that an action in ejectment can be maintained against him.

**A General Allegation is Controlled by Specific Facts Pleaded.**

The general allegation, in a complaint in ejectment, that defendant wrongfully detains the possession, is of no effect as against specific facts showing he is not in possession.

Appeal by plaintiff, Mary M. Gowan, from an order of the District Court of Chippewa County, *Gorham Powers*, J., made October 14, 1892, sustaining the demurrer of defendant Hanna J. Bensel, to the complaint.

The plaintiff for cause of action stated that, in 1879, Roderick W. Dunn died intestate, owning a house and lot in Montevideo, and leaving his widow, Hanna J. Dunn, and two children, his only heirs at law. That the widow subsequently married Charles D. Bensel. That plaintiff recovered judgment November 4, 1881, against Hanna J. Bensel for $1,014.49. That a writ of execution was issued thereon, and defendant's one-third interest in the house and lot was sold by the sheriff January 18, 1890, to plaintiff for $1,390, and she received a certificate of the sale. No redemption was made. The defendant Joseph Gaskill was in possession of the property as the tenant of Mrs. Bensel and her son Silas R. Dunn. The complaint further stated that plaintiff on January 20, 1891, notified Gaskill that she was the owner of an undivided third of the prop-

erty and demanded that he pay her one-third of the rent. Gaskill refused to pay and refused to deliver possession. That the possession of one undivided third of the property is wrongfully and unlawfully detained from plaintiff by Gaskill and Mrs. Bensel, to plaintiff's damage $150, and she asked judgment for the possession of one undivided third of the property and for damages and costs.

Defendant Hanna J. Bensel demurred on the ground that, as to her, the complaint did not state facts sufficient to constitute a cause of action, and the trial court sustained it.

*Alva Hunt,* for appellant.

The direct allegation in the complaint that the defendants wrongfully and unlawfully withhold the possession from the plaintiff, is a sufficient allegation of a present wrong, to put the defendant upon her defense, requiring affirmative matter, if any she has, which would interfere with plaintiff's right to possession.

*C. D. Bensel,* for respondent.

A complaint which shows defendants to have been lawfully in possession at the time plaintiff's title accrued, but states no facts showing that defendants have since unlawfully withheld possession from plaintiff, does not state a cause of action for the recovery of the property. *Holmes* v. *Williams,* 16 Minn. 164, (Gil. 146;) *Merrill* v. *Dearing,* 22 Minn. 376.

GILFILLAN, C. J. Action in ejectment. The facts alleged in the complaint, so far as they affect defendant Bensel, are, concisely stated, that she and one Dunn were prior to January 18, 1891, owners of the real estate in controversy, and leased the same to defendant Gaskill, who entered into, remained, and at the commencement of the action was in, possession; that Bensel's title, being to an undivided third, on said date passed to and is now in plaintiff by virtue of a sale on execution, and afterwards plaintiff gave Gaskill notice thereof, and demanded that he pay one-third of the rent to her, which he refused to do.

Whatever may be plaintiff's remedy against Gaskill, she cannot maintain the action of ejectment against Bensel, for the reason, if there were no other, that the latter is neither actually nor con-

structively in possession. While the relation of landlord and tenant existed between her and Gaskill his possession was her possession, but, when that relation ceased by her title passing to plaintiff, she was no longer in possession through Gaskill as tenant. The general allegation that the possession is wrongfully and unlawfully detained by defendant is of no effect as against the specific facts showing where the possession is.

Order affirmed.

VANDERBURGH, J., took no part in this decision.

(Opinion published 54 N. W. Rep. 934.)

Submitted on briefs April 4, 1893. Decided April 24, 1893.