WILHELMINA LIND vs. CHRISTOF LIND et al.

Submitted on briefs April 4, 1893. Decided April 24, 1893.

**Presumption of the Continuance of Ownership.**

Ownership of real estate proved or admitted to have existed is presumed to have continued till it is shown to have ceased.

Appeal by Wilhelmina Lind, from a judgment of the District Court of Le Sueur County, *Francis Cadwell,* J., entered November 2, 1892.

The plaintiff alleges that she is the owner in fee of an undivided half of the east half of the northeast quarter of section thirty-five, T. 110, R. 23, in Le Sueur county, and has a life estate for her own life in the other undivided half, and that she is in possession of the land; that Christof Lind and five others, defendants, claim an adverse estate and interest in, and lien upon, the undivided half held by her in fee, which claim is invalid, and she asks that all adverse claims of the defendants be adjudged invalid.

The defendants answer that Ludwig Lind was in his lifetime the owner of the land in fee, and plaintiff was his wife; that it was occupied by them, and was his homestead; that he died intestate May 8, 1888, and the defendants are his children and only heirs at law; that the land has been rented by plaintiff; and that her tenant is now in possession. Defendants further answer that when deceased married plaintiff he was seventy-four years old, infirm

and illiterate and mentally incompetent to contract; that plaintiff soon after the marriage obtained by fraud his signature to a conveyance of an undivided half of the land; that he discovered the fraud before the deed could be recorded, and demanded its surrender, and it was returned to him; and that he destroyed it with plaintiff's consent. Defendants ask judgment that they own the eighty acres subject to the widow's life estate.

Plaintiff, by her reply, admits that Ludwig Lind was in his lifetime, and prior to his marriage to her, the owner of the land in fee, and that she became his wife, and the land their homestead, and that the defendants were his children, and that he died intestate May 8, 1888. She alleges that Ludwig Lind, on the day of, and prior to, their marriage, conveyed to her an undivided half of the land in fee. She denies that any fraud or deceit was practiced upon the grantor. She admits that he soon after obtained and destroyed the deed, and alleges that he did so without her knowledge or consent. She denies each and every other allegation of the answer.

The issues were by consent referred to Eli Southworth for trial. Plaintiff proved her possession by her tenant, and rested. No other evidence was given by either party, and the referee held on the pleadings, that plaintiff had a life estate in the land for her own life, and the defendants the remainder in fee, and ordered that judgment be entered accordingly. Judgment was entered by the clerk on the report, to the effect that plaintiff is not the owner of the premises described in the complaint, and that the defendants are the owners and were at the time of the commencement of the action. No application was made in the trial court to correct this judgment and make it conform to the report of the referee. In a memorandum, the referee states in substance that his construction of the answer is, that it alleges facts from which it follows that the husband died seised of the land, that the reply admits those facts, and then alleges a conveyance by him just prior to his marriage. This allegation of a conveyance the law puts in issue, without further pleading. Plaintiff on the trial gave no evidence of such conveyance, and for that reason failed in the action. Her possession was under her life estate, and hence not adverse, nor was it any evidence of title in fee.

*M. R. Everett* and *H. S. Gipson*, for appellant.

Possession, without other proof of her interest, entitles plaintiff to maintain this action under 1878 G. S. ch. 75, § 2. *Knight* v. *Alexander*, 38 Minn. 384; *Barber* v. *Evans*, 27 Minn. 92.

The only admission in the reply, of ownership in Lind at any period whatever, is that prior to the date of their marriage Ludwig Lind, deceased, owned the premises. That Lind ever owned the land at any other or subsequent period is put squarely in issue by the general and specific denial of the reply. A party claiming as heir must show that his ancestor died seised of the premises. *Martin* v. *Boyce*, 49 Mich. 125.

The judgment as entered adjudges that plaintiff has no right, title or interest in the undivided half of the premises; when the answer concedes, and the referee finds, she has a life estate therein. There was no authority for entry of such a judgment, excluding plaintiff from her life estate.

*H. J. Peck*, for respondents.

Plaintiff's possession was not such a holding as is *prima facie* evidence of title. *Lindley* v. *Groff*, 37 Minn. 338; *Vaughan* v. *Bacon*, 15 Me. 455; *Campau* v. *Campau*, 44 Mich. 31; *Culver* v. *Rhodes*, 87 N. Y. 348; *Wilder* v. *City of St. Paul*, 12 Minn. 192, (Gil. 116.)

GILFILLAN, C. J. Action to determine adverse claims to certain real estate; plaintiff claiming to be in possession, to have the fee to an undivided half, and a life estate and homestead right in the other undivided half. The cause was tried by a referee. The evidence before him amounted to nothing, so that he had to decide the cause on the facts admitted in the pleadings. It is admitted that plaintiff and Ludwig Lind intermarried in 1874; that, at the time of or immediately before the marriage, Ludwig was the owner of the real estate, and continued the owner of at least an undivided half thereof till his death, and that he and plaintiff lived upon and occupied the real estate as a homestead till, in 1888, he died intestate, leaving plaintiff his widow, and the defendants, Christof, Michael, Elizabeth, Catherine, and Phoebe, his children and heirs at law; and that plantiff occupied the real estate as a homestead for some time thereafter.

When ownership of real estate is shown to have existed at any time, it is presumed to have continued until it is shown to have ceased. Plaintiff's admission in the reply that at or immediately before the marriage, in 1874, Ludwig owned the land in fee, with the presumption, established the allegation in the answer that he died seised, there being no facts admitted showing that his ownership of any part of or of any interest in it ceased. Of course the allegations in the reply of a conveyance by him to plaintiff, being new matter, were put in issue by operation of law, and the answer, while it admits that he signed a deed, denies that it was delivered; so that the matter stood for proof, which was not made.

Plaintiff's possession was sufficient to justify her in bringing the action, and calling upon defendants to allege and prove their title. This they do by showing, as already stated, that their ancestor died seised.

The judgment as entered does not follow the direction for judgment in the referee's decision, but that is error of the clerk; and the proper remedy is, in the first instance, by application to the court below.

Judgment affirmed.

VANDERBURGH, J., took no part in this decision.

(Opinion published 54 N. W. Rep. 934.)

