## ANNIE CLARK EALAHAN *vs.* DAVID EALAHAN.

Second Judicial District, Norwich, October Term, 1922.

WHEELER, C. J., BEACH, BURPEE, KEELER and JENNINGS, Js.

Upon a hearing to determine the amount of alimony to be awarded in a divorce action, evidence that the defendant had acquired title to certain realty is admissible, notwithstanding objection made that before the bringing of the action the defendant had given a quitclaim deed of the realty to his sister.

The defendant failed to offer the quitclaim deed in evidence, but nevertheless made certain claims based upon it. *Held* that constructive notice from the land records could not take the place of proper profert and proof of any instrument claimed as evidence.

In passing upon the amount of alimony, the court does not try the title to realty but considers evidence in reference thereto merely to determine the defendant's ability to pay; and therefore a general allegation of ownership and value of property is sufficient to raise the issue involved. It is not incumbent upon the plaintiff to make allegations proper as a basis for setting aside an alleged conveyance by the defendant, nor to join the grantee therein as a party to the divorce action.

The court refused to reopen the case after the trial to permit the defendant to offer in evidence the quitclaim deed, his counsel having previously declined to follow the court's suggestion that it should be so offered. *Held* that this was a matter well within the court's discretion.

Ownership of property once established is presumed to have continued until shown to have ceased. Such presumption extends over a time varying according to the nature of the property affected, but much longer in case of realty than in many forms of personalty.

In the present case neither the defendant nor his sister, although both were witnesses, made any reference to the existence of the quitclaim deed, and the defendant, whom the court found not to be a credible witness, made only a sweeping general denial of ownership of property. *Held* that notwithstanding the admission by the plaintiff's counsel that a quitclaim deed had been executed, it could not be said that the trial court erred in ruling that the presumption of ownership once shown had not been overthrown or rebutted.

Argued October 17th—decided November 27th, 1922.

SUIT for a divorce, brought to and tried by the Superior Court in New London County, *Greene, J.;* facts found and judgment rendered for the plaintiff, with $1,300 alimony, and appeal by the defendant. *No error.*

Defendant in his appeal does not question the judgment of divorce, but claims that the court erred in granting alimony. The complaint alleged the ownership by defendant of real and personal property of the value of $6,000, which was denied in the answer.

In proof of this allegation the plaintiff offered certified copies of several deeds and certified copies of probate proceedings (Exhibits D to K inclusive), purporting to show that defendant was the owner of a one-sixth interest in certain real property situate in the town of New London. The defendant objected to the admission of these deeds and proceedings, upon the ground that the defendant had, after the date evidenced by such deeds and proceedings, conveyed the property in question to his sister. The evidence was admitted by the court, and exception taken by defendant. At a later stage of the case the defendant moved to strike out the evidence above referred to upon the same ground as his objection, which motion was denied by the court. There was at no time before the court any evidence of such alleged conveyance, and defendant's counsel refused to offer any, although advised by the court to do so, claiming that plaintiff must prove by record evidence that defendant had not conveyed away his real estate. Counsel for both parties agreed that the defendant inherited from his father an undivided one sixth of the property described in said deeds. Upon the agreed facts and the evidence, the court ruled that defendant's ownership of an interest in real estate had been established. The defendant claimed that his denial that he owned real estate in New London made it obligatory on the court to find that such

was the case, although the court found it proved that he inherited real estate, and he did not testify that he had conveyed it away, nor offer any deed of conveyance. The court found as a fact that he was not a credible witness. Katherine Ealahan, the sister of the defendant, to whom it was claimed that defendant had conveyed his interest in said real property, was present during the trial, was called as a witness by plaintiff and testified. She made no claim to the interest of defendant therein, or that she had at any time received a deed of said interest from the defendant, nor did she testify to its ownership.

The defendant, after the rendition of the judgment, made a motion to reopen the same, as to which the finding of the trial court is as follows: "On July 5, 1921, after the trial was ended, the defendant's counsel, finding that he had been in error in refusing to follow the court's advice to offer the alleged deed from defendant to his sister, moved to reopen the case so as to offer such deed. The court held that defendant and his counsel had had their day in court and such help as the court could give them to get proper evidence before the court, and that having refused to improve their opportunity, there was no sufficient ground for reopening the case, and denied the motion."

Annexed to this motion was a copy of a quitclaim deed from the defendant to his sister, Katherine Ealahan, releasing his interest in the property in question, dated May 4th, 1914. The complaint alleges, and the court finds the fact, that the defendant deserted the plaintiff on May 31st, 1913. The court found that the defendant owned real estate of the value of $4,166, and awarded alimony of $1,300.

Defendant assigns as error the ruling of the court admitting evidence of the deeds and proceedings above referred to, and in denying defendant's motion to strike

them out; also in holding that the evidence and agreed facts showed ownership of property by defendant; in not holding that the denial of defendant that he owned any property in New London, obliged the court to rule that he owned no property, since such denial rebutted any presumption of ownership arising from the deeds and proceedings above referred to.

The defendant excepted to the refusal of the court to correct its finding in certain particulars, and certain evidence bearing upon this claim is printed in the finding. Further facts appear in the opinion.

*Arthur T. Keefe,* for the appellant (defendant).

*Charles Hadlai Hull,* for the appellee (plaintiff).

KEELER, J. Evidence of the deeds and proceedings above referred to was clearly admissible. These instruments tended to prove the ownership by the defendant of a certain interest in real estate, and were certainly admissible for that purpose. For the defendant to claim that because of the existence of a certain deed not offered at the time, the evidence offered could not be received, is to beg the question. If plaintiff neglected to offer any deed claimed to affect the title she did so at her peril, but such neglect does not in any way qualify her right to offer evidence in itself admissible.

One ground of objection claimed by defendant is that before offering the copies of the deeds and proceedings, plaintiff's counsel stated that the interest of the defendant had been conveyed away prior to the initiation of the suit. This is incorrect, and just what plaintiff's counsel carefully refrained from doing, as appears by the finding, which says that he "stated that defendant had before this action made to said sister a quitclaim deed of said real estate." A second ground

Ealahan *v.* Ealahan.

is that counsel had informed the court that said interest had been conveyed to defendant's sister prior to suit brought. This information, it appears by the finding, was conveyed to the court by defendant's counsel, and, unsupported by evidence, was of no significance. In this connection, on behalf of the defendant, great stress is laid upon the operation of the recording system, and the law of constructive notice is claimed to have probative effect in an action wherein any recorded instrument might have evidential value. In other words, the existence of a recorded instrument is proof in court of its contents, without production of the record or a properly authenticated copy thereof. As counsel expresses the claim in the defendant's brief: "Also there is a presumption that the plaintiff and court had knowledge of the record title from the recording laws."

Our land records, generally speaking, exist for two well-recognized purposes: in the first place, to preserve evidence of deeds and other instruments that the same may be used as proof of the matters which the latter contain; and secondly, to charge any party interested with a constructive notice equivalent to the actual knowledge which would be acquired from perusal of any original instrument. But the law just referred to goes no further in an evidential way. Constructive notice can never take the place of proper profert and proof of any instrument claimed as evidence at a trial.

The third and fourth objections to the evidence offered are founded on the lack of allegations proper to serve as a basis for setting aside this quitclaim deed, and because the sister was not a party defendant in this action. It is true that no such allegations appear and that the sister was not a party to the proceedings; it is equally true that such allegations would have been out of place in an action for divorce, and such a party an improper one.

The allegation of ownership and value of property is the ordinary one contained in the Form of the Practice Book (1908) Form 112, p. 339, and is adequate as a foundation for any evidence as to the pecuniary resources of the defendant produced by the plaintiff, and of contradictory evidence offered by defendant. That is the function of the allegation, and it is not adapted to the trial of title to any items of property of which it may be claimed that any defendant may be the owner. In order to try title it would be necessary, where the alleged property of the defendant consisted of many items or parcels, to have as codefendants a numerous and practically unascertainable number of persons, and complicated subpleading, perhaps resulting in a multiplicity of collateral issues. It might be necessary to construe wills and to pass upon the validity and amount of claimed incumbrances, not to speak of other issues which might arise. Such questions can only properly arise in subsequent proceedings, when in the divorce action alimony has been awarded and the attempt is made to secure the same by proper action to appropriate defendant's property in payment. "The allowance of alimony is an incident to an action for a divorce, and, although the determination as to its allowance may involve a controversy as to facts, such determination is not the trial of an issue in the case." *Hunter* v. *Hunter*, 111 Cal. 261, 269, 43 Pac. 756. The purpose of the inquiry as to property of defendant is to enable the court to get as close an approximation as may be to his ability to pay alimony, and on this basis to make a just award.

The defendant further claims that even assuming that a presumption of ownership was raised by Exhibits D to K, this presumption was rebutted by the testimony of the defendant that he owned no property, by the knowledge of the plaintiff that defendant had conveyed

his property interest to his sister, by the fact that the
record of the quitclaim deed charged the plaintiff with
knowledge of such a conveyance, and that the court
was made acquainted with the existence of the record
of the deed in the argument and upon the motion to
reopen the case. Now all the knowledge that the plain-
tiff had, or could be charged with having, was that a
quitclaim deed, of a certain date after defendant's ac-
quisition of the property, appeared on the land records.
Also her counsel had admitted the existence of such a
record. So far, however, from admitting this instru-
ment as a conveyance, it would appear that the plain-
tiff claimed that it was wholly voluntary and inop-
erative. The court, then, had before it a series of
instruments showing ownership of property by defend-
ant at a certain date, and the acknowledged existence of
a record of a quitclaim deed of later date made by de-
fendant to his sister. In this connection the court had to
consider that the defendant, on the stand, made merely
a sweeping denial of ownership of any property, did
not say that he had conveyed it away, made no reference
to the deed which he had given, or offer of the deed in
evidence; also, that the sister of defendant, releasee in
said deed, testified at the trial, made no claim that
she owned the property in question, or any mention of
the fact that she had received a deed thereof. In this
connection, also, it is to be noted that the defendant's
counsel was pressed by the court to produce the deed in
evidence, which the latter declined to do; and, further,
that the court did not believe the defendant, and ex-
pressly finds that he was not a credible witness. An
evidential situation of this character certainly did not
compel the court to find the rebuttal of the presumption
arising from the instruments offered in evidence by the
plaintiff. Manifestly defendant's counsel did not wish
to introduce the quitclaim deed and subject the relea-

sor and the releasee, the defendant and his sister, present in court as witnesses, to examination thereon. When later, after the close of the trial, defendant's counsel sought the reopening of the case, his motion was denied by a proper exercise of discretion, for the very cogent reasons stated by the trial judge in the finding.. Here was plainly no abuse of discretion.

The principal grievance of defendant arising from the denial of this motion, as expressed in his brief, seems to be that thereby he was prevented from obtaining a position as regards the evidence of great technical value, since he claims that had the quitclaim deed been admitted in evidence it would have rebutted the presumption of continued ownership, and that the court would have erred had it admitted any evidence offered by plaintiff to show that the deed was given in fraud of plaintiff's rights, in absence of sufficient allegations in the complaint upon' which to predicate such evidence. If such a situation had been in fact created, the supposition is at least permissible that having allowed the defendant to reopen the case and introduce the deed, the court would have allowed the plaintiff a like accommodation in the way of amendment to contest its operation. Such a course, however, would not have been necessary

Earlier in the opinion we have said that in a divorce action, allegation of property owned 'by the husband and denial thereof by defendant, affords sufficient pleading to admit any evidence pro and con upon this point, without more definite or extensive pleading. Hence the court in such an instance would have had power to not only consider the deed but all proper evidence to limit or nullify its operation. The claim of the defendant that the presumption of continuance or continuity is one of fact, that is, justifying the trier in making a certain inference without further testimony,

unless and until met by evidence tending to rebut it, is correct. The application of the presumption is defined by the facts appearing in the case. When ownership has once attached, it is presumed to have continued until it has been shown to have ceased. The length of time over which such a presumption will extend varies with the nature of the property affected. *Gray* v. *Finch,* 23 Conn. 495, 513; *Hall* v. *Wiggins,* 33 Conn. 101; *Donahue* v. *Coleman,* 49 Conn. 464, 466; *Chillingworth* v. *Eastern Tinware Co.,* 66 Conn. 306, 307, 314, 33 Atl. 1009; *Lind* v. *Lind,* 53 Minn. 48, 51, 54 N. W. 934; *Magee* v. *Scott,* 63 Mass. (9 Cush.) 148, 150; *Zwisler* v. *Storts,* 30 Mo. App. 163; 4 Wigmore on Evidence, § 2530; 2 Chamberlayne on Evidence, § 1033, § 1036. In the opinion in *Magee* v. *Scott, supra,* Chief Justice Shaw says: "The plaintiff is proved to be the owner of the property, and that right of property will continue until a change proved as by sale, lien, or voluntary loan. Whoever relies on such change must prove it; the proof lies on him." In the instant case the court finds that "counsel for both parties agreed that the defendant inherited from his father an undivided sixth of the property described in the deeds." It is evident that the presumption of continuity is properly indulged as to ownership of real estate as covering a much greater time than in many forms of personalty. "When ownership of real estate is shown to have existed at any time, it is presumed to have continued until it is shown to have ceased." *Lind* v. *Lind, supra.*

Defendant also predicates error as to certain corrections of the finding as set forth in his exceptions. The first division of claimed errors relating to findings made by the court is not pursued in defendant's brief. The exceptions to refusals to find additional facts relate to seven requested paragraphs, two of which were in fact complied with, and two abandoned in terms in

the brief. The three remaining are not established by the evidence printed in the record, and it certainly does not appear that they rest upon uncontradicted evidence. It may be added that in the unchanged and unrevised record on appeal as the same comes before us, the defendant has had an opportunity to make the same claims of law he might have made upon a record corrected as he asked.

There is no error.

In this opinion the other judges concurred.