## Rocco D'Agostino *v.* Angelina D'Addio
### (4071)

Hull, Borden and Daly, Js.

Argued December 10, 1985—decision released February 11, 1986

*Robert J. Nichols,* for the appellant (plaintiff).

*Donna D. Morris,* with whom, on the brief, was *James H. Segaloff,* for the appellee (defendant).

Daly, J. The plaintiff instituted this action to set aside a conveyance of real estate made to the defendant, claiming that it was a result of undue influence. From the granting of a summary judgment in favor of the defendant, the plaintiff has appealed.

The plaintiff, Rocco D'Agostino, and the defendant, Angelina D'Addio, are brother and sister. The plaintiff commenced this action by complaint dated March 23, 1979, and alleged therein that their father, Rocco D'Agostino, Sr., conveyed a parcel of land in Hamden to the defendant by quitclaim deed on January 30, 1970. The father died on December 19, 1972.

The defendant moved for summary judgment claiming that the action was barred by General Statutes § 52-577 which provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." The plaintiff contended that General Statutes § 52-575 is the applicable statute of limitations which provides in pertinent part: "No person shall make entry into any lands or tenements but within fifteen years next after his right or title to the same first descends or accrues . . . ." The trial court determined that General Statutes § 52-577 governed and, hence, rendered summary judgment in favor of the defendant.

" '[T]he nature of the right sued upon and not the form of action nor the relief demanded determines the applicability of the statute of limitations.' " *Dunn* v. *County of Los Angeles,* 155 Cal. App. 2d 789, 803, 318 P.2d 795 (1958). Here, the allegations of the complaint are based on undue influence. " 'The undue influence which will avoid a deed is an unlawful or fraudulent influence which controls the will of the grantor.' " *Guill* v. *Wolpert,* 191 Neb. 805, 821, 218 N.W.2d 224 (1974). In order to have an effect, undue influence must amount to coercion or fraud. 25 Am. Jur. 2d, Duress and Undue Influence § 36, p. 396. Where a complaint alleged a conspiracy to cheat and defraud the plaintiff, it sounded in tort. Accordingly, the applicable statute is General Statutes § 52-577 which limits the bringing of such an action to three years. *Rosenblatt* v. *Berman,* 143 Conn. 31, 39, 119 A.2d 118 (1955) (construing General Statutes [Rev. to 1949] § 8316, the predecessor to General Statutes § 52-577).

As to the plaintiff's claim that General Statutes § 52-575 applies, "the law is clear that that section, entitled 'Entry upon land to be made in fifteen years,' applies only to the acquiring of title to land by adverse

possession . . . ." *Aksomitas* v. *South End Realty Co.,* 136 Conn. 277, 284, 70 A.2d 552 (1949).

There is no error.

In this opinion the other judges concurred.