[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
FACTS
The plaintiff, Maidza Van Deusen, commenced the present action against the defendants Theodore Dratch and Barbara Dratch, by service of a writ of summons and complaint on July 25, 1995. The complaint is in a single count alleging that the plaintiff intended to make a gift of a certain piece of land located in Roxbury, Connecticut to the defendants. According to the complaint, the plaintiff attempted to make of gift of a portion of a piece of property "bounded by stone walls on three sides and a pine grove on the fourth." (Complaint ¶ 2). CT Page 4170
The plaintiff further alleges that the defendants took advantage of her generosity by having the law firm of Baker, Moots and Pellegrini prepare a deed which resulted in transferring more land to the defendants than was intended. The complaint states that at the time of the conveyance, the defendant, Barbara Dratch, was employed as an attorney with the firm of Baker, Moots and Pellegrini and that the plaintiff was unrepresented by counsel.[1]
(Complaint ¶ 4). The plaintiff claims to have only recently discovered the discrepancy in the amount of the land conveyed. The essence of the plaintiff's complaint is that the defendants made false representations to the plaintiff that the deed instrument was not an accurate reflection of the intended gift. The plaintiff further claims that based on the defendants position of trust, she believed in the representations made by the defendants and executed the deed in reliance on the representations of the defendants. (Complaint ¶¶ 6 and 7).
The defendants filed an answer and special defense on September 27, 1995. The special defense put forth by the defendants is that the plaintiff's action is time barred by General Statutes § 52-577.
The plaintiff filed a timely reply to the answer and special defense asserting a general denial of the special defense and also asserting that the plaintiff's cause of action is not time barred pursuant to General Statutes § 52-595. The plaintiff also asserts that her action is one in equity not law.
Pursuant to Practice Book § 378 et seq., the defendants filed a motion for summary judgment on December 5, 1995. The motion was supported by the requisite memorandum of law as well as supporting affidavits and other documents. The Dratch affidavits set forth the following facts: In 1988, the plaintiff offered to convey to the defendants a portion of land the plaintiff owned in Roxbury. (Affidavit of Mr. Dratch ¶ 6; Affidavit of Ms. Dratch ¶ 7). The conveyance was offered as a gift, for no consideration, and was intended for the residential use of the Dratches. (Id.). In November of 1988, the defendants hired John M. Farnsworth Associates to investigate the feasibility of construction on a parcel of land owned by the plaintiff and located on Bacon Road and Old Roxbury Road in Roxbury. (Affidavit of Mr. Dratch ¶ 7; Affidavit of Ms. Dratch ¶ 8). In the spring of the following year, 1989, after percolation tests and wetlands flagging revealed that the Bacon Road parcel was not acceptable, the plaintiff and Mr. Dratch discussed another parcel of land that the plaintiff owned. CT Page 4171 This piece of was located on Old Roxbury Road along Jack's Brook. (Affidavit of Mr. Dratch ¶ 8). The plaintiff then offered to convey this a parcel of this 24 acre piece of property to the Dratches. (Affidavit of Mr. Dratch ¶ 9; Affidavit of Ms. Dratch ¶ 10).
Sometime in April of 1989, the defendants hired Brian E. Neff, a license professional engineer, to provide engineering services and prepare reports in order to obtain subdivision approval for the parcel. (Affidavit of Brain E. Neff, P.E. ¶ 4; Affidavit of Mr. Dratch ¶ 10; Affidavit of Ms. Dratch ¶ 11). Mr. Neff, in June of 1989, prepared a Preliminary Lot Layout based on a boundary survey mapping by surveyor John M. Farnsworth Associates. (Affidavit of Mr. Neff ¶ 5). The preliminary lot layout identified the parcel to be conveyed as consisting of approximately five acres, with frontage on Old Roxbury Road. (Affidavit of Mr. Neff ¶ 6). The size and lot configuration was based upon the zoning requirements of the Town of Roxbury. (Affidavit of Mr. Neff ¶ 7). Mr. Neff attests to discussing the size and boundaries of the parcel with the plaintiff. (Affidavit of Mr. Neff ¶ 13).
The plaintiff and Mr. Dratch met with Attorney Fred L. Baker on July 5, 1990, at Attorney Baker's office. (Affidavit of Attorney Baker ¶ 7). Attorney Baker acted as attorney for the plaintiff on this occasion and in several other legal matters prior to the signing of the deed on July 5, 1990. (Affidavit of Attorney Baker ¶¶ 4 and 5; Affidavit of Ms. Van Deusen ¶ 13). Attorney Baker attests to discussing the size and boundaries of the parcel with Ms. Van Deusen at the July 5, 1990 meeting. (Affidavit of Attorney Baker ¶ 8).
The plaintiff timely filed a memorandum in opposition to the motion for summary judgment. The memorandum in opposition was filed with the requisite counter-affidavits. (See Practice Book §§ 380 and 381).
The defendants argue that there is no genuine issue of material fact with respect to their special defense that the plaintiff's action is barred by the applicable statute of limitations and thus the motion for summary judgment should be granted. The plaintiff, on the other hand, argues that the present case is one in equity and therefore any statute of limitations at law is not controlling and that any such statute of limitations would have been tolled pursuant to General Statutes § 52-595 as set forth in the plaintiff's reply to the defendant's special defense. CT Page 4172 For these reasons, the plaintiff argues that the motion for summary judgment should be denied.
DISCUSSION
"[S]ummary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994), quoting Practice Book § 384. The moving party has the burden of showing the absence of any genuine issue as to all material facts.Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1984).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . The test is whether a party would be entitled to a directed verdict on the same facts . . . ." (Citations omitted; internal quotation marks omitted.) Suarez v. Dickmont PlasticsCorp., supra, 229 Conn. 105-06. "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 380, 260 A.2d 596 (1969).
A motion for summary judgment is the appropriate vehicle to determine whether a claim is barred by the statute of limitations.Catz v. Rubenstein, 201 Conn. 39, 513 A.2d 98 (1986). "Summary judgment may be granted where it is clear that a claim is barred by a statute of limitations." Woodside Green Condominium Association,Inc. v. Woodside Green, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 91368 (9 Conn. L. Rptr. 637, August 24, 1993, Lewis, J.). "Where there is no dispute as to the applicable statute of limitations, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed." Shuster v. Buckley, 5 Conn. App. 473, 477,500 A.2d 240 (1985).
I. Special defense of Statute of Limitations
The defendants put forth a special defense asserting that the action is barred by the statute of limitations, specifically General Statutes § 52-577.[2] It is noted at the outset that CT Page 4173 "[s]ection 52-577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs. Our Supreme Court stated in Fichera v. Mine Hill Corporation, 207 Conn. 204,212, 541 A.2d 472 (1988): In construing our general tort statute of limitations, General Statutes § 52-577, which allows for an action to be brought within three years from the date of the act or omission complained of, we have concluded that the history of that legislative choice of language precludes any construction thereof delaying the start of the limitation period until the cause of action has accrued or the injury has occurred . . . . " (Citations omitted; internal quotation marks omitted.) S.M.S.Textile Mills, Inc. v. Brown, Jacobsen, Tillinghast, Lahan King,P.C., 32 Conn. App. 786, 790-91, 631 A.2d 340, cert. denied,228 Conn. 903, 634 A.2d 296 (1993). Unlike the statutes of other jurisdictions "which begin to run only after the cause of action has accrued," the Connecticut statutes of limitations for torts commence with the act or omission complained of, which is when the tortious conduct of the defendant occurs and not the date when the plaintiff first sustains damage or first discovers an injury.McDonald v. Haynes Medical Laboratory, 192 Conn. 327, 330,471 A.2d 646 (1984); Prokolkin v. General Motors Corporation, 170 Conn. 289,294-302, 365 A.2d 1180 (1976); Vilcinskas v. Sears, Roebuck Co.,144 Conn. 170, 173, 127 A.2d 814 (1956). As a result of this rule, in some instances, the plaintiff may not sustain damage until after the statute of limitations has run. Fichera v. Mine HillCorporation, supra, 207 Conn. 213; Ecker v. West Hartford,205 Conn. 219, 241, 530 A.2d 1056 (1987).
Although the unavoidable result of construing General Statutes § 52-577 may be harsh because "the plaintiff[s] may very well be foreclosed from any remedy for what might have been an actionable injury . . . [it] is within the General Assembly's constitutional authority to decide when claims for injury are to be brought."Burns v. Hartford Hospital, 192 Conn. 451, 460, 472 A.2d 1257
(1984). "The plaintiff[s] [have] not been deprived of an opportunity to bring an action. The opportunity was there, but was limited by time." Vessichio v. Hollenbeck, 18 Conn. App. 515, 520,558 A.2d 686 (1989).
In the present case, the defendants argue that the plaintiff's complaint alleges fraud and as such, the applicable statute of limitations is General Statutes § 52-577. The essential elements of an action for fraud are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be CT Page 4174 untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury. Kilduff Adams, Inc., 219 Conn. 314, 329,593 A.2d 478 (1991). Each of these elements is set forth in the plaintiff's complaint as follows: "The defendants, knowing the representations to be untrue, falsely represented to the plaintiff that the [deed] instrument was an accurate reflection of the intended gift from the plaintiff to the defendants. The plaintiff, given the defendants position of trust, believed the representations to be true, and relying on them executed the deed . . . . The plaintiff has been unlawfully deprived of her land." (Complaint ¶¶ 6, and 7 and 9, respectively).
"The three-year Statute of Limitations, 52-577, is applicable to all tort actions other than those actions carved out of 52-577
and enumerated in 52-584 or another section." United AircraftCorporation v. International Assn. of Machinists, 161 Conn. 79,107, 285 A.2d 330 (1971), cert. den., 404 U.S. 1015, 92 S.Ct. 674,30 L.Ed.2d 663 (1972); see also, Rosenblatt v. Berman, 143 Conn. 31,39, 119 A.2d 118 (1955). The tort of fraudulent misrepresentation is governed by the three-year statute of limitations period for general torts. Wedig v. Brinster, 1 Conn. App. 123,137, 469 A.2d 783, cert. den., 192 Conn. 803,472 A.2d 1284 (1983). "[T]he three year statute of limitations for actions grounded in tort is generally applied to actions for fraud and deception." Einbinder Young, P.C. v. Siltesting, Inc.,36 Conn. Sup. 277, 418 A.2d 95 (1980).
In the present action, the complaint alleges that the property was conveyed in 1990. Any fraud in connection with that conveyance would have occurred on the date of the conveyance or sometime before the deed was signed by the plaintiff on July 5, 1990. The deed itself, which was submitted in support of the motion for summary judgment and served as an exhibit to the plaintiff's complaint, describes the property at issue as follows:
 ALL THAT CERTAIN piece or parcel of land situated on Old Roxbury Road, Town of Roxbury, County of Litchfield, State of Connecticut, containing 5.434 Acres and designated as Parcel A . . .
The general description of the land clearly indicates the size of the parcel conveyed and the deed was signed by the plaintiff. There is nothing in the deed instrument indicating that the land at issue was bounded by stone walls on three sides and a pine grove on CT Page 4175 the fourth as alleged in the second paragraph of the plaintiff's complaint.[3] It was the plaintiff's belief, according to her affidavit, that she was conveying approximately 3 acres of land to the Dratches. (Affidavit of Maidza Van Deusen ¶ 8). This is in direct contradiction to the acreage as described on the deed[4] as well as the Subdivision Application submitted to the Planning Commission of the Town of Roxbury. Said subdivision application was also signed by the plaintiff. (Defendant's Exhibit 1 appended to Mr. Dratch's affidavit).
The plaintiff commenced the present action on July 25, 1995, more than three years after the July 5, 1990 execution of the deed. Fraudulent activity on the part of the defendants, if any, would have occurred on or before the date of the conveyance and as such, the plaintiff's action is time barred. The fact that the plaintiff only recently discovered the discrepancy between what she intended to convey and what she did convey is irrelevant to the court's determination of when the statute of limitations begins to run. As discussed above, General Statutes § 52-577 is an occurrence statute and begins to run from the date of the act or omission complained of and not the date of discovery. Fichera v. Mine HillCorporation, supra, 207 Conn. 212.
The plaintiff argues that this action is not an action at law but is instead one at equity and the count, acting under its equitable powers, "may provide a remedy even though the governing statute of limitations has expired." Dunham v. Dunham, 204 Conn. 303,326, 528 A.2d 1123 (1987). (Plaintiff's Memorandum in Opposition to Summary Judgment p. 3). The plaintiff further argues that "[a]n equitable proceeding is only time-barred pursuant to the defense of laches." Cummings v. Tripp, 204 Conn. 67, 68,527 A.2d 230 (1987).
The determination of whether an action is one in equity or one at law is not, as argued by the plaintiff, determined by the relief sought. "The fact that the plaintiff has requested a remedy that is essentially equitable in nature does not in this instance alter the inquiry concerning the statute of limitations. D'Agostino v.D'Addio, 6 Conn. App. 187, 188 (1986)." Labelle v. Dunham,
Superior Court, judicial district of Litchfield, Docket No. 050127 (Nov. 14, 1990, Pickett, J.) "[T]he nature of the right sued upon and not the form of action nor the relief demanded determines the applicability of the statute of limitations." D'Agostino v.D'Addio, 6 Conn. App. 187, 188, 504 A.2d 528 (1986). In keeping with the reasoning of Labelle, supra, and D'Agostino, supra, the CT Page 4176 court finds that the relief sought does not determine whether an action is one at law in or one in equity. The present case is clearly an action sounding in fraud and as such, the applicable statute of limitations, as discussed above, is General Statutes § 52-577 and the action is time barred.
II. Fraudulent Concealment
The plaintiff, in reply to the special defense of statute of limitations, asserted that the action is not time barred as it was tolled pursuant to General Statutes § 52-595.[5] "To establish that the defendants had fraudulently concealed the existence of [the] cause of action and so had tolled the statute of limitations, the [plaintiff has] the burden of proving that the defendants were aware of the facts necessary to establish this cause of action . . . and that they had intentionally concealed those facts from the plaintiff[.] . . . The defendants' actions must have been directed to the very point of obtaining the delay [in filing the action] of which [they] afterward [seek] to take advantage of by pleading the statute'. . . . To meet this burden, it [is] not sufficient for the [plaintiff] to prove merely that it was more likely than not that the defendants had concealed the cause of action. Instead, the plaintiff ha[s] to prove fraudulent concealment by the more exacting standard of `clear, precise and unequivocal' evidence . . . . (Citations omitted; internal quotation marks omitted)."Bound Brook Association v. Norwalk, 198 Conn. 660, 665-666,504 A.2d 1047, cert. denied 479 U.S. 819, 107 S.Ct. 81, 93 L.Ed.2d 36
(1986). See also, Connell v. Colwell, 214 Conn. 242, 251,571 A.2d 116, 121 (1990).
To establish that the defendants have fraudulently concealed the existence of the plaintiffs cause of action and therefore tolled the statute of limitations, the plaintiff must establish a factual predicate from which it can be inferred that the defendants misrepresented facts with the intent necessary to constitute fraudulent concealment. Connell v. Colwell, supra, 214 Conn. 251. The plaintiff's reply to the defendants' special defense fails to set forth any factual allegations that the defendants fraudulently concealed the existence of the plaintiff's cause of action for the purpose of obtaining delay on the plaintiff's part in filing the present action. Likewise, the plaintiff's counter-affidavit fails to establish a factual predicate from which it can be inferred that the defendants misrepresented facts with the requisite intent. The plaintiff has therefore failed to establish the necessary factual predicate necessary to establish a question of fact concerning CT Page 4177 fraudulent concealment by the defendants.
The plaintiff argues that "[w]hen a wrong sued upon consists of a continuing course of conduct, the statute [of limitations] does not begin to run until that course of conduct is completed.Handler v. Remington Arms Co., 144 Conn. 316, 321 (1957)." Additionally, the plaintiff argues that "[t]o support a finding of a continuing course of conduct that may toll the statute of limitations there must be evidence of a breach of a duty that remained in existence after commission of the original wrong.Fichera v. Mine Hill Corporation, 207 Conn. 204, 209, [541 A.2d 472] (1988)." (Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment, p. 5).
Where the Supreme Court has "upheld a finding that a duty continued to exist after the cessation of the `act or omission' relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." Fichera v. Mine Hill Corp., supra, 207 Conn. 210. The court therefore needs to determine if there are any genuine issues of material fact with respect to whether (1) there is a special relationship between the parties, or (2) the defendants committed a later wrongful act.
"The existence of a duty is a question of law." RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153
(1994). "Duty is a `legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed are determined by the circumstances surrounding the conduct of the individual.'" Id., 385
"A fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other . . . . The superior position of the fiduciary or dominant party affords him great opportunity for abuse of the confidence reposed in him." Dunham v.Dunham, 204 Conn. 303, 322, 528 A.2d 1123 (1987).
The plaintiff argues that a special relationship exited between her and the defendant Barbara Dratch and that this relationship created a duty that remained in existence after the commission of any wrongful act by virtue of Ms. Dratch's continued CT Page 4178 employment with the law firm that prepared the deed in question. In support of this argument, Ms. Van Deusen filed an affidavit attesting to the fact that the defendant, Barbara Dratch, was employed by the firm of Baker, Moots Pellegrini, P.C., at the time of the execution of the deed on July 5, 1990. Ms. Dratch does not deny working for the firm, nor does she deny that Attorney Baker represented the plaintiff in the complained of transaction. However, Ms. Dratch's affidavit states that was not admitted to practice law in the state of Connecticut until June of 1991 (one year after the deed was signed). (Affidavit of Ms. Dratch ¶ 4). The affidavit of Attorney Baker attests to the fact that Ms. Dratch was a student intern at his law firm on July 5, 1990. (Affidavit of Attorney Baker ¶ 6). Attorney Baker's affidavit also states the he acted as counsel to Ms. Van Deusen and not as counsel to either Mr. or Mrs. Dratch. (Id. ¶¶ 5 and 6).
The plaintiff argues, incorrectly, that the defendant, Barbara Dratch, was a lawyer at the firm of Baker, Moots, and Pellegrini at the time of the complained of transaction. The affidavit of both Attorney Baker and Barbara Dratch clearly state that Ms. Dratch was employed as an intern, not an attorney, at the firm of Baker, Moots and Pellegrini. The fact that Ms. Dratch remained employed at the firm of Baker, Moots and Pellegrini did not create a continuing duty to disclose any alleged "misrepresentations." The plaintiff has presented no evidence of a confidential or fiduciary relationship between the parties. It has not been alleged that the defendant, Barbara Dratch, had an attorney/client relationship[6]
with the plaintiff at the time of the conveyance of the land at issue.[7] As a matter of law, the court finds there was no duty running from the defendant, Barbara Dratch, to the plaintiff. The plaintiff has also failed to submit any evidence that the defendants committed any wrongful acts after the land at issue was conveyed. For these reasons, the court that there is no genuine issue of material fact with respect to the relationship between the parties and whether there was a later wrongful act.
The plaintiff disputes the facts of meetings and conversations that preceded the July 5, 1990 conveyance (Affidavit of Ms. Van Deusen ¶¶ 7, 8, 9, 10, 11, and 15) but there is no dispute in the facts that the plaintiff signed the subdivision application and the deed. In addition, the plaintiff has not disputed the fact that the deed and map of the parcel are public records. Land records, which would include deeds and maps, exist for the purpose of charg[ing] any party interested with a constructive notice equivalent to the actual knowledge which would be acquired from CT Page 4179 perusal of any original instrument." Ealahan v. Ealahan, 98 Conn. 176,180, 119 A. 349 (1922). Accordingly, contrary to the allegation in paragraph 5 of the complaint wherein it is claimed that the plaintiff only "recently discovered the discrepancy," Ms. Van Deusen should have discovered that the acreage of the parcel conveyed was in excess of the 3 acres she now claims she intended to convey.
Additionally, "a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact, and, therefore, cannot refute evidence properly submitted to the court [in support of a motion for summary judgment.]" Home Insurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995). The plaintiff has merely asserted the existence of a disputed issue and not refuted evidence presented in the form of the deed which was served with the complaint and as an exhibit to the defendant' motion for summary judgment and the subdivision application. Accordingly, the plaintiff has not meet the burden of establishing the existence of a disputed issue and the defendant's motion for summary judgment is, therefore, granted.
In conclusion, summary judgment cannot be prevented by a claim of fraudulent concealment of a cause of action without evidence from the opposing party that there is a factual basis for the claim. Connell v. Colwell, supra, 214 Conn. 247. Because the plaintiff has not submitted a scintilla of evidence creating a factual question as to whether the defendants concealed a cause of action from the plaintiff or did any other act which would toll the statute of limitation, the defendant's motion for summary judgment is granted. The defendants are entitled to judgment if the directed verdict test for a summary judgment is applied. Connell v.Colwell, supra, 214 Conn. 247.
PICKETT, J.