[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Dorothy Wood, filed this action against the defendants, Laila E. Amer and the Town of Greenwich, in order to enjoin the defendant Amer from building a house on a lot owned by her. The court held a hearing on December 8 and 15, 1997, and finds as follows:
The subject property ("Lot 10") was obtained on March 12, 1935 by Ralph Brush. Lot 10 is located immediately across Deerfield Lane from the Brush home. Also on March 12, 1935, Brush transferred Lot 10 to the owner of the neighboring Lot 11, George Winslow. Lot 11 is immediately south of Lot 10 and across from the Brush home on Deerfield Lane.
The deed which was transferred from Brush to Winslow includes a restrictive covenant limiting to one the number of structures on Lots 10 and 11 combined. This covenant states:
 [T]he premises hereby conveyed, together with the premises owned by the Grantee [the Winslow property], . . . shall be taken together and held as one individual parcel and that there shall not be erected or maintained on said parcel more than one dwelling house for one family only which will cost not less than $15,000.00 and no out-buildings whatsoever, except one garage, and the tool house now erected thereon, and that this covenant shall run with the land hereby conveyed.
When Lot 10 was conveyed by Brush to Winslow, there was an existing dwelling on the Winslow property. Thus, under the language of the deed, construction of another dwelling on the Lot 10/Lot 11 parcel was prohibited. This covenant appeared by reference in every subsequent deed related to this parcel between 1935 and 1971.
In 1971, Kenneth and Joan Ford obtained Lots 10 and 11. In 1983, Kenneth Ford quitclaimed his interest in Lot 10 to his wife, Joan Ford. This conveyance violated the restrictive covenant CT Page 4186 requiring unity of ownership of Lots 10 and 11 and also omitted the portion of the covenant against the construction of an additional dwelling on Lots 10 and 11. However, the deed was properly recorded on June 1, 1983. The plaintiff was aware of this conveyance, and the breach of the restrictive covenant, at the latest, in early 1988.
On December 22, 1987, Joan Ford sold Lot 10 to the defendant Amer. The warranty deed for this transfer did not include the subject restrictive covenants. Yet, the defendant Amer knew of the restrictions on Lot 10 before purchasing same.
Following the purchase of Lot 10, the defendant Amer obtained architectural plans, a sewer permit, and a building permit in furtherance of erecting a dwelling. And, in Spring of 1988, the defendant informed the plaintiff of her plans to build a house. The defendant also informed other members of the Deerfield Lane Association of her plans. Further, the defendant paid a contractor $2500 to widen Deerfield Lane. And, such an improvement to the road was made.
At some point during this period of time, the plaintiff informed the defendant of her intention to enforce the deed restriction. However, the plaintiff took no legal action. The defendant's building permit lapsed in July of 1989. Amer did not attempt any further improvements to the lot. Rather, she attempted to sell the property. In April of 1995, unable to sell the property, Amer once again obtained a building permit. This permit also lapsed, but was renewed again by Amer in August of 1997. The defendant began actual construction on a dwelling in August of 1997. The plaintiff commenced this action on August 13, 1997.
The dispositive issue before the court is whether the statute of limitations for bringing the present action has expired. The parties agree that the applicable statute of limitations is General Statutes § 52-575a. General Statutes § 52-575a states: "No action or any other type of court proceeding shall be brought to enforce a private restriction . . . unless such action or proceeding shall be commenced within three years of the time that the person seeking to enforce such restriction had actual or constructive knowledge of such violation."
The defendant argues that the statute began to run in 1987 or 1988 when the plaintiff was made aware of the defendant's intent to CT Page 4187 build a house on the demised lot. Hence, according to the defendant, the statute of limitations expired sometime in 1990. The defendant also argues that the restrictive covenant contains two dependent clauses which refer to a "parcel." This parcel, according to the defendant, no longer existed after the 1983 transfer between the Fords. Therefore, according to the defendant, the plaintiff is attempting to enforce a void covenant.
The plaintiff argues that this action is timely because the statute did not begin to run until the defendant actually "commenced construction" of the house in 1997.
"The meaning and effect of [a restrictive covenant is] to be determined, not by the actual intent of the parties, but by the intent expressed in the deed, considering all its relevant provisions and reading it in the light of the surrounding circumstances. . . . The primary rule of interpretation of such [restrictive] covenants is to gather the intention of the parties from their words, by reading, not simply a single clause of the agreement but the entire context, and, where the meaning is doubtful, by considering such surrounding circumstances as they are presumed to have considered when their minds met." Contegni v.Payne, 18 Conn. App. 47, 65, 557 A.2d 122, cert. denied,211 Conn. 806, 559 A.2d 1140 (1989).
The restrictive covenant at issue here is relatively clear. It states that Lots 10 and 11 should always "be taken together and held as one individual Parcel and that there shall not be erected or maintained on said Parcel more than one dwelling house for one family. . . ." Emphasis added. This one covenant contains two connected clauses. The focus, as far as this court is concerned for the present case, is on the language of the restriction stating that no dwelling should be erected "on said parcel." "Said parcel" refers to Lots 10 and 11 "taken together." In 1983, in violation of the restrictive covenant, Lots 10 and 11 were divided. Therefore, in the court's mind, the statute of limitations began to run when the plaintiff had actual or constructive notice of the division of "the parcel." In other words, the division of the parcel was the "violation" to which General Statutes § 52-575a
applies.
The evidence reflects that the plaintiff was aware, by early 1988, that Lots 10 and 11 were divided. General Statutes § 52-575a
is a three year statute of limitations commencing from actual or constructive notice of the violation. While the court believes CT Page 4188 that the filing of the Ford quitclaim deed in 1983 was notice enough; See Ealahan v. Ealahan, 98 Conn. 176, 180, 119 A. 349
(1922)("Our land records, generally speaking, exist . . . to charge any party interested with a constructive notice equivalent to the actual knowledge which would be acquired from perusal of any original instrument."); there is no question that the plaintiff had notice of the Ford conveyance in 1988. The statute of limitations which is applicable to this case expired, therefore, sometime in 1991.
Based on the above discussion, the plaintiff's application for temporary and permanent injunction is denied due to the expiration of the applicable statute of limitations.
So Ordered.
Dated at Stamford, Connecticut this 22 day of April, 1998.
HICKEY, J.